UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE MAYFIELD | DOCKET NO. 13-CV-1134; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Plaintiff Ronnie Mayfield. At the time of filing, Plaintiff was in inmate in the custody of the Louisiana Department of Corrections (LDOC) incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He has since been released. He names as defendants Tim Keith, Nicole Walker, Mary Harris, James Leblanc, and John Doe. Plaintiff complains that he was wrongfully denied a work release assignment.

In order to state a claim under 42 U.S.C. §1983, the plaintiff must first allege facts to show that *a constitutional right has been violated.* Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Daniels v. Williams, 474 U.S. 327 (1986); Polk County v. Dodson, 454 U.S. 312 (1981). Plaintiff claims that his due process rights were violated because he was denied participation in the work release program in Louisiana.

Although Plaintiff relies on Louisiana Revised Statute 15:1111, that statute pertains to the work release programs for

parish inmates[1].  The relevant statute for LDOC inmates is La.R.S. 15:1111, which provides in part: "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program."  Thus, the actual operation of the LDOC program was entrusted to the LDOC.  See Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994).  In Welch, the court determined that the La. R.S. 15:1111 **does not dictate to the LDOC whom it must put on work release**.  In Welch, the Fifth Circuit specifically asked and answered the question:

> "Does La.R.S. 15:1111 contain mandatory language that a prisoner **shall** be eligible and approved for work release if certain criteria are met?"

Welch 20 F.3d at 643 (emphasis added).  The Court responded, "We hold that it **does not.**"  Id. (emphasis added).

It is clear that the laws in Louisiana regarding work release provide that inmates **shall** be **eligible**.  But it does not provide that every inmate **shall** be accepted.  There may well be more

---

[1] It authorizes the sheriff of each parish (or the superintendent of a facility not operated by the sheriff) to establish and administer a work release program for inmates of any jail or prison under his jurisdiction.  The sheriff/superintendent shall determine those inmates who may participate in the release program, except that no inmate may participate in the program if his sentence so stipulates.  Inmates sentenced to the Department of Corrections who are in the custody of the sheriff shall not be eligible for work release unless such inmates are in compliance with standards for work release within the department and written approval of the secretary of the department is obtained.  The work-release program created under Louisiana law provides a sheriff with the discretion to make the work-placement decision; it did not create an enforceable expectation of placement in a work-release program.  See James v. Hertzog, 415 Fed.Appx. 530 (5th Cir. 2011).  Therefore, it did not create a liberty interest that is entitled to due-process protection." See id., citing Sandin v. Conner, 515 U.S. 472, 480-81 (1995).

eligible inmates than there are opportunities. Regardless, Plaintiff has no **federal constitutional right** to participate in work release. See Welch, 20 F.3d 636.

To the extent that Plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his claim lacks an arguable basis in law and fact. The Fifth Circuit has also held that prisoners have **no property interest** in work-release employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995).

Plaintiff also attempts to present an equal protection claim in that he alleges that he was denied participation in work release due to the color of his skin. Although there is no constitutional right to work release, a determination regarding participation cannot be made based on impermissible factors like race. However, Plaintiff has only presented a conclusory allegation that he was denied participation based on race. In fact, it is clear that Plaintiff was evaluated for work release, but was found to be unsuitable despite being technically eligible. [Doc. #1-3, p.2] The criteria to determine eligibility includes screening of conviction record, arrest record, and conduct record. Plaintiff was designated a sex offender for crimes of which he was convicted. According to LDOC Regulation B-02-01, Appendix III, this made him

unsuitable for work release[2]. Plaintiff has failed to present any facts to support his conclusion that he was denied work release based on his race as opposed to the rules promulgated by the department in accordance with authority granted to it by La.R.S. 15:1111.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

---

[2]Regulation B-02-001, Appendix III, F. Unsuitability: 1) All sex offenders as defined in La. R.S. 15:541.

4

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 16th day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE