RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1 / 16 / 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE MAYFIELD | DOCKET NO. 13-CV-1134; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLEL, JR. |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff Ronnie Mayfield. At the time of filing, Plaintiff was in inmate in the custody of the Louisiana Department of Corrections (LDOC) incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. He has since been released. He names as defendants Tim Keith, Nicole Walker, Mary Harris, James Leblanc, and John Doe. Plaintiff complains that he was wrongfully denied a work release assignment.

A Report and Recommendation was issued by the undersigned recommending that Plaintiff's suit be denied and dismissed under 28 U.S.C. §1915(e)(2)(B) because Plaintiff failed to allege the violation of a constitutional right. The plaintiff filed an objection, and the District Judge remanded for further consideration in light of the objection.

After reviewing the objection filed by the plaintiff, the recommendation is the same - that the complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

### *Law and Analysis*

In order to state a claim under 42 U.S.C. §1983, the plaintiff

must first allege facts to show that ***a constitutional right has been violated.*** Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Daniels v. Williams, 474 U.S. 327 (1986); Polk County v. Dodson, 454 U.S. 312 (1981). Plaintiff claims that his due process rights were violated because he was denied participation in the work release program in Louisiana.

In the prior Report and Recommendation, the undersigned discussed the Welch v. Thompson case, which held that "[i]n the prison context, a state creates a protected liberty interest when it limits official discretion in approving or denying an inmate's request or eligibility for a prison program. If the prison officials have wide authority and discretion, usually no liberty interest is at stake." Welch v. Thompson, 20 F.3d 636, 639-40 (5th Cir. 1994). Such is the case in Louisiana. The work release statute does not dictate to the Department whom it must put on work release. The latitude given to the Louisiana Department of Corrections forecloses the assertion that Plaintiff was deprived of his due process rights. "In sum, no liberty interest is created by La.R.S. 15:1111." See Welch, 20 F.3d 636.

Plaintiff objects arguing that his claim was not based on La. R.S. 15:1111; rather, it was based on Louisiana Act No. 266, House Bill No. 62 of the 2009 Regular Legislative Session. He seems to allege that this Act changed the law and somehow provided a liberty or property interest in work release. The Act relied on by

Plaintiff simply **amended and reenacted** a number of statutes, including La.R.S. 15:1111. The Act simply made Plaintiff, and inmates like him, *eligible* for work release. As discussed in the prior report, it is clear that Plaintiff was evaluated for work release, but was found to be *unsuitable* despite being *eligible*. [Doc. #1-3, p.2] The amended law did not create a liberty or property interest.

Prisoners simply have no liberty or property interest in a work release program. See Welch, 20 F.3d 636; see also Ard v. Leblanc, 404 Fed.Appx. 928 (5th Cir. 2010)(unpublished)(Prisoners have no liberty interest in a work release program.); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995)(Prisoners have no property interest in a work release program). That means that Plaintiff has **no federal constitutional right** to participate in work release.

Because Plaintiff is not entitled to participate in the Louisiana work-release program, any claim that he was denied either a liberty interest or a property right in violation of the Due Process Clause is subject to dismissal as frivolous.

To the extent that Plaintiff alleges that he has filed this suit on behalf of himself and a class of inmates, his claim is also frivolous. First, he did not move for class certification. In order for a lawsuit to be certified as a class action under Rule of Federal Procedure 23(b)(3), a mover must prove that the four

prerequisites found in Rule 23(a) and the two additional requirements in Rule 23(b)(3) are met. <u>Mullen v. Treasure Chest Casino, LLC</u>, 186 F.3d 620, 623 (5th Cir.1999).[1] More importantly, the class would be without merit as there is no liberty or property interest in work release.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

---

[1] Under Fed.R.Civ.P. 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality and adequacy of representation.

4

**FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE